**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MINNIE WOOLFOLK, as the
Personal Representative of the
Estate of MILTON WOOLFOLK, JR.,
deceased, MILTON WOOLFOLK, SR.,
and CLAUDIA WOOLFOLK,

    Plaintiffs,

vs.                                                   CASE NO. 3:07-cv-137-J-25TEM

COLUMBIA COUNTY, FLORIDA,
a political subdivision of the State of
Florida, et al.,

    Defendants.
_____

**O R D E R**

This case is before the Court on the following non-dispositive motions and the responses thereto. Upon due consideration of same, it is hereby **ORDERED:**

**1.** **Plaintiffs' Motion to Amend the Complaint to Drop Columbia County, Florida as a Party and to Substitute Deputy Kenneth Glenn for Defendant Deputy Glenn Wyche** (Doc. #62, Motion to Amend) is **GRANTED in part**, to the extent detailed below.

As the caption to the instant motion indicates, Plaintiffs seek leave of Court to drop two of the named defendants from this action and to add one newly named defendant. Plaintiffs assert that no party is "legally prejudiced by any of these amendments" (Doc. #62 at 2). Plaintiffs acknowledge Defendant Deputy Glenn[1] Wyche was mistakenly sued and

---

[1]The Court notes the parties differ in the spelling of the name "Glenn" or "Glen." For the sake of continuity, the Court spells the name of both referenced individuals,

acknowledge that through the course of discovery Plaintiffs learned that in fact Deputy Kenneth Glenn was one of the officers who responded to the incident giving rise to this case, and not Deputy Glenn Wyche (Doc. #62 at 2). Plaintiffs urge the Court to permit the amendments under the liberal standard of Fed. R. Civ. P. 15(a)(2), which directs the Court to freely give leave to amend a pleading when justice so requires.

Defendants do not oppose the Motion to Amend to the extent Plaintiffs seek to drop Columbia County, Florida, as distinguished from Bill Gootee in his capacity as Columbia County Sheriff, and Deputy Glenn Wyche as defendants (*see* Doc. #63, Defendants' Response). Defendants have assured Plaintiffs that Columbia County ("the County") and the Sheriff of Columbia County are separate political subdivisions, and the County did not act in this matter and does not formulate policy for the Sheriff (Doc. #63 at 2). Defendants have further assured Plaintiffs that Defendants will not raise an issue that indispensable parties are missing, that the County is the Sheriff's true final policy maker, or that the County is a properly actionable defendant (Doc. #63 at 2). Defendants acknowledge that Plaintiffs confused Deputy Glenn Wyche with former Deputy Kenneth Glenn, as Wyche was not physically present during the incident that forms the basis for this litigation (Doc. #63 at 2). However, Defendants argue Plaintiffs should not be permitted to join Deputy Kenneth Glenn to this action at this late stage in the proceedings as the Motion to Amend was brought well after the deadline for joinder of parties and Plaintiffs have not shown good cause for the delay (Doc. #63 at 3-4).

---

Deputy Glenn Wyche and Deputy Kenneth Glenn, with the double-n used by Plaintiffs in the Motion to Amend.

When a motion that implicates case management deadlines is filed after a scheduling order has been entered, Fed. R. Civ. P. 16(b) initially applies.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) (per curiam).  Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause." *Id.*  Once good cause is shown, the Court will consider the motion on its merits, in accordance with the other applicable rules.  This Court takes adherence to the scheduling order seriously and follows the Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should be denied as untimely". *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997).  In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts.  *See Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal citations omitted).

Here, Plaintiffs' motion seeks to amend the complaint to drop two of the named defendants and add a newly named defendant. The established joinder of parties deadline was January 4, 2008 (*see* Doc. #12, Case Management and Scheduling Order, adopting the date set in the Case Management Report (Doc. #10)).  The Motion to Amend was not filed until March 25, 2008.  Plaintiffs state that through the course of discovery they learned Defendant Columbia County, Florida has no authority over the Columbia County Sheriff's office or Bill Gootee as the Sheriff, and Deputy Kenneth Glenn was among the officers responding to the incident involving the altercation with Milton Woolfolk, Jr., whereas Deputy Glenn Wyche was not (Doc. #62 at 2).

Although there is no information in the record to establish when Plaintiffs knew, or should have known, Columbia County was not a proper party in this suit, there is

3

information indicating Plaintiffs knew as early as June 1, 2006 they had sued the wrong individual in Deputy Wyche. (*See* Doc. #63-2, Deposition excerpt of Don A. Meyer taken on June 26, 2006; Doc. #63-3, Deposition excerpt of Deputy Mike Mahony taken on June 26, 2006.) This lawsuit was filed after another similar lawsuit was dismissed without prejudice. In the earlier suit, *Woolfolk v. Taser Int'l, Inc.*, et al., No. 3:05-cv-533-J-25TEM, these same Plaintiffs sued Columbia County, Florida, Bill Gootee as the Columbia County Sheriff, several "John Doe" deputies, and the manufacturer of the taser weapon reportedly used on Mr. Woolfolk on March 11, 2005 by Columbia County deputies.

In the earlier case, Plaintiffs filed the Amended Motion for Joinder of Parties on June 1, 2006, wherein Plaintiffs sought to name Deputy Kenneth Glenn (rather than Deputy Glenn Wyche) as one of the John Doe deputies. (*See Woolfolk v. Taser Int'l, Inc.*, et al., No. 3:05-cv-533-J-25TEM, Docket Entry No. 29.) The attorney filing the motion for joinder in the 2005 case, Mr. Earl M. Johnson, is the same attorney who filed the instant action. Thus it is clear, Plaintiffs knew of the mistaken identity of the "Glenn" defendant for almost two years before filing the currently pending Motion to Amend. Therefore, the Court finds Plaintiffs have not established good cause to add Deputy Kenneth Glenn as a defendant in this action, outside the established joinder of parties deadline.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. The Supreme Court has provided guidance to a reviewing court when a pleading amendment is sought. In the language of the *Foman* Court:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

4

>the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.

Although the Court has broad discretion to grant or deny pleading amendments under the *Foman* standards, that discretion is not unfettered. There is strong precedence within the Eleventh Circuit for allowing pleading amendments. In *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), the court found "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).[2]

In this instance, the Court finds there is substantial reason to deny Plaintiffs' Motion to Amend as to Deputy Kenneth Glenn. Plaintiffs have not explained the undue delay in seeking to add this individual defendant to the case. The Eleventh Circuit has repeatedly upheld the district courts' denials of the sought amendments where the filing of the motions were unduly delayed. *See, e.g., Jennings v. Bic Corporation*, 181 F.3d 1250, 1258-59 (11th Cir. 1999) ( the court denied plaintiffs' motion to amend for failure to show good cause why amendment should be permitted approximately two months before trial and approximately four months after amendment of pleadings deadline).

Federal Rule of Civil Procedure 21 provides that parties may be dropped by order of the court on its own initiative, or on motion of any party, at any stage of the action. Fed.

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

R. Civ. P. 21. In the instant case, the Plaintiffs and the other named Defendants agree that Columbia County, Florida and Deputy Glenn Wyche are not a proper parties to this action. Thus, good cause exists, and it is fair and just, to amend the complaint to drop these parties from the case.

Plaintiffs' Motion to Amend (Doc. #62) is otherwise **DENIED**.

**2.     Plaintiffs' Motion to Strike Defendant, Columbia County's Affirmative Defenses** (Doc. #35) is **DENIED AS MOOT**, in light of the Court's ruling on the Motion to Amend.

**3.     Plaintiffs' Motion to Strike Defendant, Bill Gootee's Affirmative Defenses** (Doc. #36) is **GRANTED to the extent** Defendant Gootee has voluntarily withdrawn his First Affirmative Defense, Second Affirmative Defense and Eighth Affirmative Defense. This motion to strike is otherwise **DENIED**.

Plaintiffs move to strike several of Defendant Gootee's affirmative defenses under Rules 12(f) and 8(c) of the Federal Rules of Civil Procedure.[3] Plaintiffs assert that the first eight affirmative defenses raised by Gootee fail to comply with pleading requirements.

 Fed. R. Civ. P. 12(f) provides:

> Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

---

[3]Plaintiffs also assert the affirmative defenses fail to comply with Fed. R. Civ. P. 9(c), which sets forth special pleading requirements for conditions precedent. Given Defendant Gootee's voluntary withdrawal of his Eighth Affirmative Defense concerning pre-suit notice requirements under the Florida Medical Malpractice Act (*see* Doc. #45 at 3), the Court finds Plaintiffs' argument on this matter is moot.

Fed. R. Civ. P. 8(c) provides that in "responding to a pleading, a party must affirmatively state any avoidance or affirmative defense" and lists several of the more commonly asserted affirmative defenses. An affirmative defense may be "any matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (internal citations omitted). Courts will look to the logical relationship between the affirmative defense and the cause of action, and the potential for surprise to the plaintiff(s) if the defense does not appear in the pleadings. *Id*. "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so the he or she is prepared to properly litigate it. *Id*.

Although Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense," it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689 (M.D. Fla. 2003)*; Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999). A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995). Further, the Court is bound by the precedent of *Kelly v. Kosuga*, 358 U.S. 516 (1959), which holds

that when evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer. *Id.*

Review of the relevant case law concerning the striking of pleadings convinces the undersigned that Defendant Gootee's assertion of the Third through Seventh Affirmative Defenses is appropriate under Eleventh Circuit standards. The Court does not find these defenses confuse the issues, unnecessarily prejudice a party or lack relationship to the controversy. Accordingly, Defendant Gootee's Third, Fourth, Fifth, Sixth and Seventh Affirmative Defenses shall stand as pled. The First, Second and Eighth Affirmative Defenses are stricken, as agreed by Defendant Gootee at Plaintiffs' request.

**4. Plaintiffs' Motion to Strike Defendants Meyer, Wyche,[4] Glover, Mahoney, Williams and Coleman's Affirmative Defenses** (Doc. #44) is **GRANTED only to the extent** these Defendants have agreed to withdraw the Second Affirmative Defense (*see* Doc. #47, Defendants' Response).

Plaintiffs' argument as to Defendants' First through Seventh Affirmative Defenses mirror the argument stated in paragraph three (3) above. The Court's consideration of this argument and reasoning as stated above remains the same. Accordingly, Defendants' First, Third, Fourth, Fifth, Sixth and Seventh Affirmative Defenses shall stand as pled. The Second Affirmative Defense is stricken, as agreed by the individual Defendants in response to Plaintiffs' Motion to Strike.

As an Eighth and separate Affirmative Defense, the individual Defendants assert this action is barred by the applicable statute of limitations as to these Defendants in that suit

---

[4]The Court notes this motion as to Defendant Glenn Wyche is moot in light of its ruling on the Motion to Amend.

against them was not commenced within two years (*see* Doc. #43, Answer and Affirmative Defenses to the Second Amended Complaint (by individually named Defendants), at p.7). Plaintiffs' argue this defense should be stricken because it is well established that Section 1983 actions in Florida are governed by the four (4) year statute of limitations set forth in Florida Statutes, Sec. 95.11(3). In support of this position, Plaintiffs point to the cases of *Pontier v. City of Clearwater, Florida*, 881 F.Supp. 1565, 1569 (M.D. Fla. 1995) and *Danhi v. Charlotte County Sheriff's Dep't*, No. 2:03-cv-FtM-99DNF, 2006 WL 2226323 (M.D. Fla. Aug. 3, 2006), which do in fact agree the four year statute of limitations applies to Section 1983 actions brought in Florida.

Defendants argue that which statute of limitations applies to them *in their individual capacities* is a close and arguable question, which is more properly litigated by motion for summary judgment (Doc. #47 at 3) (emphasis added). Defendants assert that Plaintiffs have been properly put on notice of the issue and there is no procedural or pleading deficiency in this affirmative defense. Here, the Court finds the pleading requirements of Fed. R. Civ. P. 8(c) are, in fact, met by Defendants' claim of this defense and the standard of review Plaintiffs urge the Court adopt is applicable to dispositive motion practice, but not to the consideration of pleading sufficiency. Further, there is nothing redundant, immaterial, impertinent, or scandalous in this affirmative defense.

Accordingly, the individual Defendants' Eighth Affirmative Defense shall stand as pled.

**DONE AND ORDERED** at Jacksonville, Florida this <u>16th</u> day of May, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge